ARTHUR J. ADDEO, JR., AND MARY ADDEO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, REspondent
Addeo v. Commissioner
Docket No. 25501-83.
United States Tax Court
T.C. Memo 1984-493; 1984 Tax Ct. Memo LEXIS 181; 48 T.C.M. (CCH) 1126; T.C.M. (RIA) 84493; September 13, 1984. Arthur J. Addeo, Jr., pro se. Thaddeus Wozny, for the respondent. GUSSIS MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis for consideration and ruling pursuant to the provisions of section 7456(c) and (d) *182 [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioners' 1981 Federal income tax in the amount of $2,383 and also determined additions to tax under section 6653(a)(1) in the amount of $119.15, and section 6653(a)(2) of 50 percent of the interest due on the underpayment of $2,383 caused by negligence. In an amendment to his answer the respondent claimed an increased deficiency of $2,747 based upon petitioners' failure to report interest income of $1,188 received by them in 1981 and an increased addition to tax under section 6653(a)(1) in the amount of $137.35. Petitioners have stipulated that they failed to report said interest income which was received by them. The issues are: (1) whether petitioners are entitled to a charitable contribution deduction for amounts purportedly paid to the Universal Life Church; (2) whether petitioners are liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2); and (3) whether damages should be awarded to the United States against petitioners pursuant to section 6673. *183 Some of the facts have been stipulated and are so found. Petitioners resided in Brooklyn, New York at the time the petition in this case was filed. During the year 1981, petitioner-husband (hereinafter petitioner) was employed by the City of New York as a police officer. He received gross wages from his employment in the amount of $27,671.12. Petitioners claimed a charitable contribution on their 1981 tax return in the total amount of $8,972. In its notice of deficiency, respondent disallowed the portion of the contribution ($8,788) purportedly made by petitioner to the Universal Life Church. Petitioner has the burden of proving that he is entitled to a charitable contribution under section 170. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 170(a)(1) provides that a charitable contribution shall be allowable as a deduction only if verified under the prescribed regulations. See section 1.170A-1(a)(2)(iii), Income Tax Regs.The regulations provide, inter alia, that the district director may require statements from donee organizations to corroborate claimed contributions. In 1980 petitioner *184 obtained a certificate for a local congregation of the Universal Life Church, Inc. in Modesto, California. To corroborate the donations to the church petitioner relies upon a series of receipts indicating periodic contributions ranging from $330 to $1,100. All of the receipts were signed by petitioner's father-in-law. [2] Petitioner testified that these amounts were deposited in a "Universal Life Church Inc. account" and he further testified that he and his wife had signatory authority for the account and that he did in fact write checks on this account. [3] Petitioner did not produce any checks or bank statements with respect to the account. As far as we can determine on this record petitioner at all times maintained dominion and control over this account. See Davis v. Commissioner,81 T.C. 806, 817-818 (1983). In short, petitioner has completely failed to meet his burden that he made contributions to the church within the meaning of section 170. [4] We hold therefore that petitioner is not entitled to a deduction under section 170 for the purported donation to the Universal Life Church in 1981. *185 Section 6653(a)(1) imposes an addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations. We have repeatedly sustained the addition to tax under section 6653(a)(1) in cases such as this involving efforts of this nature to create deductions through purported charitable contributions to a "church." See Davis v. Commissioner,supra, at 820. Moreover, the unexplained omission of interest income for 1981 further justifies the negligence addition to tax. We are satisfied on the basis of this record that the addition to tax under section 6653(a)(1) is fully justified in this case. We also find on the basis of the entire record that the underpayment of tax due to negligence is $2,383. Consequently, respondent's claim for an addition to tax under section 6653(a)(2) based on that amount is sustained. The final issue is whether damages should be awarded to the United States under section 6673. As applicable here, section 6673 provides that "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's *186 position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision." After a careful consideration of the particular record in this case, and exercising our discretion, we have determined that damage pursuant to section 6673 will not be awarded in these proceedings. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. It appears that petitioner was a "minister" of the local congregation and his father-in-law was treasurer. ↩
3. Although the record is unclear, it appears that petitioner's argument is that the bank account was under the "supervision" of the Universal Life Church in Modesto, California and hence the contributions were made to that church. We should note at this point that the Internal Revenue Service has recently withdrawn the tax-exempt status of the Universal Life Church in Modesto. ↩
4. At the trial we excluded as inadmissable hearsay evidence a purported annual receipt of contributions for the year 1981 from the Universal Life Church in Modesto. See Mustain v. Commissioner,T.C. Memo. 1982-670↩.